

# THE ATTORNEY GENERAL
## OF TEXAS

May 7, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Ralph R. Wallace, III
Chairman
Committee on Cultural and
   Historical Resources
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. JM-690

Re: Use of hotel/motel occupancy
tax funds by a municipality

Dear Representative Wallace:

As Chairman of the House Committee on Cultural and Historical
Resources, you ask about the use of hotel/motel occupancy tax funds
for certain municipal projects. Article 1269j-4.1, V.T.C.S.,
authorizes cities to levy, by ordinance, "a tax upon the cost of
occupancy of any sleeping room furnished by any hotel" when the cost
of occupancy is $2 or more per day. Sec. 3a(a). The act fixes the
maximum percentages of the tax which may be used for various purposes.
See id. These percentages may differ for cities of different sizes
and of different locales. See §§3e, 3f, 3g. You are concerned about
the nature of projects that may be funded with the occupancy tax. You
ask specifically about expenditures for advertising to attract new
businesses and permanent residents to a city.

Section 3c of article 1269j-4.1 provides in part:

> (a) The revenue derived from any occupancy tax
> authorized or validated by this Act may only be
> used for:
>
> (1) the acquisition of sites for and the con-
> struction, improvement, enlarging, equipping,
> repairing, operation, and maintenance of convention
> center facilities including, but not limited to,
> civic center convention buildings, auditoriums,
> coliseums, civic theaters, museums, and parking
> areas or facilities for the parking or storage of
> motor vehicles or other conveyances located at or
> in the immediate vicinity of the convention center
> facilities;
>
> (2) the furnishing of facilities, personnel
> and materials for the registration of convention
> delegates or registrants;

(3) for advertising for general promotional and tourist advertising of the city and its vicinity and conducting a solicitation and operating program to attract conventions and visitors either by the city or through contracts with persons or organizations selected by the city;

(4) the encouragement, promotion, improvement, and application of the arts, including music (instrumental and vocal), dance, drama, folk art, creative writing, architecture, design and allied fields, painting, sculpture, photography, graphic and craft arts, motion pictures, television, radio, tape and sound recording, and the arts related to the presentation, performance, execution, and exhibition of these major art forms;

(5) historical preservation and restoration projects or activities at or in the immediate vicinity of convention center facilities or historical preservation and restoration projects or activities located elsewhere in the city that would be frequented by tourists and visitors to the city. (Emphasis added).

Subsection 3c(a)(3) includes advertising for the "general promotional and tourist advertising of the city."

Although "general promotion" could conceivably refer to promoting the advantages of a city for relocation, this language cannot be interpreted in isolation. It must be read in the context of subsection 3c(a)(3) and of the act as a whole. Statutory construction depends on legislative intent; legislative intent should be determined from an entire act. City of Houston v. Morgan Guaranty International Bank, 666 S.W.2d 524, 529 (Tex. App. - Houston [1st Dist.] 1983, writ ref'd n.r.e.).

Article 1269j-4.1 focuses on expenditures to promote conventions and tourism. See Attorney General Opinion H-209 (1974); see also Attorney General Opinion JM-184 (1984). For example, in Attorney General Opinion H-209, this office concluded

that the statutory provisions for use of occupancy tax revenues do not permit expenditures from those funds for general cultural or artistic activities except in the limited instances where the activity is developed and carried out so as to be directly related to the attraction of conventions or tourists. (Emphasis added).

The legislature responded to this opinion by adding subsection 3c(a)(4), which directly authorizes the use of occupancy tax funds for

"the encouragement, promotion, improvement, and application of the arts." See Acts 1977, 65th Leg., ch. 90, §1. The bill analysis to this amendment reveals a legislative recognition that the promotion of the arts encourages tourism while enhancing the quality of urban life. Bill Analysis to H.B. No. 298 prepared for House Committee on Business and Industry, filed in Bill File to H.B. No. 298, Legislative Reference Library. This amendment was clearly intended as "a permissive expansion of the uses and limitations on the proceeds from the current tax." See id. Unlike the general language of subsection 3c(a)(4), however, subsection 3c(a)(3) remains tied expressly to advertising "to attract conventions and visitors" -- not to attract business relocations and permanent residents. If the legislature had intended subsection 3c(a)(3) to cover broader expenditures, it would have done so expressly.

Because of the limiting language in subsection 3c(a)(3), activities funded by the tax must be developed and carried out in a manner which relates directly to attracting conventions, visitors, or tourists. See Attorney General Opinion H-209 (1974). Whether certain activities hold a direct relationship to attracting conventions, visitors, or tourists is a fact question. See id. The article 4399, V.T.C.S., opinion process was not intended to resolve factual disputes.

### S U M M A R Y

Subsection 3c(a)(3) of article 1269j-4.1, V.T.C.S., does not authorize the use of hotel/motel occupancy tax funds for advertising which is not related to attracting conventions, visitors, or tourists.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General